Mathews, J.
delivered the opinion of the court. The plaintiff claims damages, for an injury done to one of her slaves, by one of the defendant's. She obtained judgment, and the defendant appealed.
The injury done to the slave was of such a nature as to render him wholly useless-his only eye having been put out.
The parish court decreed that the plaintiff should recover twelve hundred dollars, the supposed value of the slave, and a further sum of twenty-five dollars a month, from the time he was deprived of his sight; and that the defendant should pay the physician's bill, and two hundred dollars, for the sustenance of the slave during his life, and that he should remain for ever in the possession of the plaintiff.
We are of opinion, that this judgment is erroneous, in giving damages for the full value of the slave, and compensation for the loss of his labor, from the time he became blind, during an undetermined period. Further, it is thought to be erroneous, in decreeing that the defendant should pay two hundred dollars for the subsistence of the slave, and that he should remain for ever in the possession of the plaintiff.
The most that could have been equitably claimed, in addition to the full value of *617 slave, was legal interest thereon; which, though it could not be given as interest, upon an uncertain and unliquidated sum, might have been taken into view, in estimating and fixing the damages.
In the present case, from a comparison of the testimony, as to the value of the slave, we are of opinion that full and complete indemnity has been given, for a total loss. When the defendant shall have paid the sum thus decreed, we are of opinion that the slave ought to be placed in his possession, deeming that the judgment making full compensation to the owner operates a change of property. In this view of the case, that part of the judgment of the parish court, which orders the defendant to pay two hundred dollars, is evidently erroneous. The principle of humanity, which would lead us to suppose that the mistress, whom he had long served, would treat her miserable, blind slave with more kindness than the defendant, to whom the judgment ought to transfer him, cannot be taken into consideration, in deciding this case. Cruelty and inhumanity ought not to be presumed against any person. A remedy for them can only be applied, when they are legally proven.
The judgment of the parish court being err *618 oneous, in these points, it is ordered, adjudged and decreed, that it be annulled, avoided and reversed ; and this court, proceeding to give such a judgment as, in their opinion, ought to have been given in the court below, it is further ordered, adjudged and decreed, that the plaintiff recover from the defendant the sum of twelve hundred dollars, as an indemnification for the value of the slave, and that she shall further recover the amount of all expenses incurred for the attendance and treatment of the slave, with costs of suit in the inferior court.
Maybin for the plaintiff, De Armas for the defendant.